

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
August 22, 2022 03:46 PM
PAVAN PARIKH
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1223852

**RAKAN SHTEIWI**                                      A 2203037

vs.

**AMAZON LOGISTICS INC**

FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH NO JURY DEMAND

PAGES FILED: 13

EFR200

COMMON PLEAS COURT OF HAMILTON COUNTY, OHIO
CIVIL DIVISION

**RAKAN SHTEIWI**                                             **PLAINTIFFS**
11637 Lawnview Avenue
Cincinnati, Ohio 45246

and

**LYDIA NESHEIWAT**
11637 Lawnview Avenue
Cincinnati, Ohio 45246

v.

**AMAZON LOGISTICS, INC.**
410 Terry Avenue North
Seattle, Washington 98109

        SERVE:    *Certified Mail*
                          Corporation Service Company
                          3366 Riverside Drive, Suite 103
                          Upper Arlington, OH 43221

and

**FREIGHT LEADERS, INC.**
8774 Louisiana St
Merrillville, IN 46410

        SERVE:    *Certified Mail*
                          Michael Antonoff
                          860 Boardman Road, Suite 200-A
                          Youngstown, Ohio 44512

and

**DANIEL E. VALCIU**
7635 East Highway AA
Humansville, Missouri 65674

                                                                               **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Rakan Shteiwi ("Plaintiff"), and Plaintiff Lydia Nesheiwat by and through counsel, and for his Complaint against the Defendants, Amazon Logistics, Inc. ("Amazon"); Freight Leaders, Inc. ("Freight Leaders") and Daniel E. Valciu ("Valciu") states as follows:

### PARTIES

1. Plaintiff Rakan Shteiwi, is and was a resident and citizen of the State of Ohio, whose address is 11637 Lawnview Avenue, Cincinnati, Ohio 45246.

2. Defendant Amazon Logistics, Inc. was and remains a corporation organized and existing under the laws of the State of Delaware with its principal place of business in King County, Washington, thereby making it a citizen of the State of Washington.

3. Defendant, Freight Leaders, was and remains a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Merrillville, Indiana, thereby making it a citizen of the State of Indiana. Defendant Freight Leaders, is registered with the Federal Motor Carrier Safety Administration under the USDOT Number 3033290.

4. Defendant Valciu, resided and continues to reside at 7635 East Highway AA Humansville, Missouri 65674.

5. At all relevant times, Defendants Amazon and Freight Leaders acted as and/or operated and conducted business as a single entity and/or joint venture.

6. Upon information and belief, at all times relevant hereto, Defendant Freight Leaders was a Delivery Service Providers ("DSP") for Defendant, Amazon.

7. Defendants, Amazon, Freight, and Valciu are joint tortfeasors.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction, pursuant to Ohio Revised Code §2305.01.

9. This Court has personal jurisdiction over each of the Defendants, pursuant to R.C. 2307.382, since the Defendants transact business in Ohio and/or caused tortious injury to Plaintiff Rakan Shteiwi in Hamilton County, Ohio.

10. Venue is appropriate in this Court, pursuant to Ohio Civ. R. 3(B)(1), 3(B)(2), and 3(B)(3), because the injury caused by the Defendants to Plaintiff, Rakan Shteiwi, occurred in Hamilton County, Ohio.

## BACKGROUND FACTS

11. On the evening of February 08, 2021, Plaintiff, Rakan Shteiwi, was driving a 2010 Chevrolet Traverse southbound on Interstate 275 near milepost 18.

12. At or near the same time, Defendant Valciu, was driving a 2018 Kenworth tractor trailer for Defendant, Freight Leaders, also going southbound on Interstate 275.

13. Defendant Valciu struck the rear of Plaintiff's vehicle with such force and speed that it shoved Plaintiff's vehicle into another vehicle, which in turn hit another vehicle in front of it.

## FIRST CAUSE OF ACTION
*Negligence of Defendant Valciu*

14. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

15. Defendant Valciu had a duty to operate the commercial vehicle in a safe and reasonable manner, to obey all traffic laws, obey all traffic devices, and to maintain adequate following distance between other vehicles in front of the commercial vehicle that he was operating.

16. On February 08, 2021, Defendant Valciu breached the aforementioned duties.

17. As a direct and proximate result of Defendant Valciu's breach, Plaintiff has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will

continue to endure such pain and suffering in the future; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount; has suffered damages for the lost enjoyment of life and lost the ability to perform usual activities that results in a diminished quality of life and loss of enjoyment of life as well.

## SECOND CAUSE OF ACTION
*Statutory Violations of Defendant Valciu*

18. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

19. Defendant Valciu violated state and federal statutes and regulations, including but not limited to:

    a. Failing to maintain reasonable control of a commercial vehicle in violation of ORC 4511.202;

    b. Failing to maintain and assured clear distance from the vehicle in front of him in violation of ORC 4511.21(A);

    c. failing to keep a proper lookout;

    d. driving carelessly;

    e. driving the commercial vehicle while distracted;

    f. driving the commercial vehicle while fatigued;

    g. exceeding hours of service limitations in violation of 49 CFR 395.1(g);

    h. failing to take appropriate evasive action;

    i. failing to properly inspect the commercial vehicle in violation of 49 CFR §396.11;

    j. failing to maintain the commercial vehicle in proper repair in violation of 49 CFR §396.1;

    k. crashing into Plaintiff's vehicle; and

4

      l. as enumerated in 49 C.F.R. §§ 350-399, O.A.C. 4901:2-5-02 through 4901:2-5-08.

20. Defendant Valciu's statutory violations directly and proximately caused Plaintiff's injuries and damages.

21. Defendants Valciu is therefore negligent *per se* based on these statutory and regulatory violations above.

## THIRD CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Valciu*

22. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

23. Defendant Valciu actions demonstrated a conscious disregard for the rights and safety of Plaintiff and the rest of the motoring public that had a great probability of causing substantial harm.

24. Accordingly, Plaintiff is entitled to punitive damages from Defendant Valciu.

## FOURTH CAUSE OF ACTION
*Vicarious Liability of Defendants Amazon and Freight Leaders*

25. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

26. At all relevant times Defendant Valciu was the employee, agent (express, implied and/or apparent), servant, or independent contractor of Defendants Amazon and Freight Leaders; was operating for Amazon and Freight Leaders' benefit; was operating in furtherance of Amazon and Freight Leaders' interests, and/or was operating within the course and scope of his employment with Amazon and Freight Leaders. Accordingly, Amazon and Freight Leaders are vicariously liable for the acts and omissions of Defendant Valciu.

27. Regardless of the employment or agency relationship, Defendant Freight Leaders is an interstate motor carrier responsible for the acts of Defendant Valciu.

28. Regardless of the specific nature of any employment, contractor, or agency relationship between Defendant Amazon, and Defendant Valciu, Amazon exercised such control over the actions and performance of Defendant Valciu's job duties that Defendant Valciu was acting as the agent or employee of Amazon at the time of the subject collision.

29. For example, Defendant Amazon directly decides what route its delivery drivers, including Defendant Valciu, should be assigned to complete by its DSPs, including Freight Leaders. DSPs do not have any role in deciding the number of packages per route, the length or design of the routes, or which drivers should complete each route.

30. If a driver falls behind Amazon's desired pace during the route, Amazon alerts the DSP, complaining that the driver is behind schedule. If a driver falls behind schedule too often, it can result in a reduction of the driver's pay.

31. Amazon controls the routes of drivers like Defendant Valciu by requiring them to use Amazon's proprietary mobile app and to follow specific GPS driving routes in the app. The app also tells the drivers when they can take breaks and lunches.

32. Amazon also sets certain requirements for its DSPs' drivers, including Defendant Valciu, relating to the sequence of steps surrounding package dropoff, maximum hours of service, and taking and uploading photos of delivered packages to verify delivery.

33. Amazon closely monitors every aspect of each driver's daily actions including backup monitoring, speed, braking, acceleration, cornering, seatbelt usage, phone calls, texting, and more.

34. Accordingly, based on the degree of control that Defendant Amazon, had on Defendant Valciu at all times relevant to this action, Amazon is vicariously liable for the negligent acts and omissions of Defendant Valciu.

## FIFTH CAUSE OF ACTION
*Strict Liability of Defendant Freight Leaders*

35. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

36. Defendant Freight Leaders is the registered owner of the USDOT number 3033290 displayed on the commercial vehicle involved in this collision and is therefore responsible for the acts of Defendant Freight Leaders.

## SIXTH CAUSE OF ACTION
*Direct Negligence of Defendants Amazon and Freight Leaders*

37. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

38. At all relevant times, Defendant Valciu was the employee, agent, servant, and/or statutory employee of Defendants Amazon and Freight Leaders.

39. Amazon, and Freight Leaders are each regularly engaged in the business of shipping and logistics.

40. Amazon and Freight Leaders each owed a duty to other motorists and the general public, including Plaintiff, to act reasonably in hiring, instructing, training, supervising, and retaining their drivers and other employees and agents, including Defendant Valciu and to promulgate and enforce policies, procedures, and rules to ensure that their drivers and vehicles were reasonably safe.

41. Amazon and Freight Leaders each owed a duty to other motorists and the general public, including Plaintiff, to use reasonable care in entrusting their vehicles and equipment to reasonably fit, competent, experienced, qualified, and responsible commercial vehicle drivers.

42. Defendant Valciu was not a reasonably fit, competent, experienced, qualified, or responsible commercial vehicle driver.

43. Amazon and Freight Leaders were negligent, grossly negligent, careless, wanton, and reckless with regard to the duties set forth in Paragraphs 40-41, above, and for failing to discover that Defendant Valciu was an unfit, incompetent, inexperienced, unqualified, and irresponsible driver, thereby causing serious injuries to Plaintiff for which they are directly liable.

7

44. Amazon and Freight Leaders violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and O.A.C. 4901:2-5-02 through 4901:2-5-08. Specifically, Amazon and Freight Leaders breached these statutes and regulations in one or more of, but not limited to, the following ways:

    a. Failing to verify and ensure that Defendant Valciu operated his commercial truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles, in violation of 49 C.F.R. §392.1;

    b. Failing to properly train and instruct Defendant Valciu on defensive driving, safe driving, and keeping a proper lookout, in violation of 49 C.F.R. §383.111;

    c. Failing to properly supervise Defendant Valciu and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

    d. Failing to properly inspect and maintain the commercial truck, in violation of 49 CFR §396.11 and 49 CFR §396.1; and/or

    e. Knowingly failing to promote and enforce systems and procedures for the safe operation of commercial motor vehicles, thus creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff.

45. The statutes and regulations identified in Paragraph 47 were promulgated to protect the safety of a class of people that included Plaintiff. Amazon and/or Freight Leaders violations of them constitutes negligence *per se* pursuant to these statutory and regulatory violations, and the common law, for which these Defendants are directly liable.

46. Amazon had a duty to ensure that the companies it contracted with, including Freight Leaders, had appropriate safety practices for operating commercial motor vehicles, including compliance with 49 C.F.R. §§ 350-399 and verifying Safety Measurement System data about such companies.

47. Amazon failed to investigate or inquire about the safety practices of Freight Leaders to see if they were hiring, training, supervising, and retaining competent, fit, experienced, qualified, and responsible commercial vehicle drivers.

48. Amazon had a duty to exercise reasonable care in the employment, hiring, and/or selection of competent and careful independent contractors and/or motor carriers, including Freight Leaders, to transport freight and/or make deliveries of goods, which involves a grave risk of serious physical injury or death unless skillfully and carefully done, and to ensure that such independent contractors and/or motor carriers possessed the knowledge, skill, and experience necessary for the employment, hiring, placement, qualifications, screening, selection, and/or vetting of competent, qualified, fit, experienced, and responsible drivers.

49. Amazon knew or should have known that Freight Leaders lacked the knowledge, skill, and experience necessary to transport freight and/or make deliveries of goods without creating an unreasonable risk of serious physical injury or death to others.

50. Amazon failed to inquire, investigate, or look into the competency, knowledge, ability, and qualification of Freight Leaders to transport freight and/or make deliveries of goods without creating an unreasonable risk of serious physical injury or death to others.

51. Amazon knew of should have known that Freight Leaders lacked the knowledge, skill, and experience necessary to employ, hire, place, qualify, screen, select, and/or vet competent, qualified, fit, experienced, and responsible commercial vehicle drivers.

52. Amazon failed to inquire, investigate, or look into the competency, knowledge, ability, and qualification of Freight Leaders to employ, hire, place, qualify, screen, select, and/or vet commercial vehicle drivers.

53. Amazon was negligent, grossly negligent, careless, wanton, and reckless with regard to the duties set forth in Paragraphs 46-52, above, causing serious physical injuries to Plaintiff, for which Amazon is directly liable.

54. Amazon was negligent, grossly negligent, careless, wanton, and reckless in the following additional ways:

   a. Mandating a delivery schedule that was unrealistic such that it forced its DSPs' drivers, including Defendant Valciu, to rush to the point it was unsafe and, as a practical matter, made it impossible to drive safely;

   b. Negligently managing the safety data that Amazon pulled from its apps and software that monitor drivers, vehicles, and packages;

   c. Undertaking to exert a level of control over the method and manner of the package deliveries, but negligently mandating compliance targets that focused on speed and delivery efficiency without giving due consideration to safety of the public; and

   d. Primarily focusing its energy, time and resources on mandating fast and profitable package delivery while intentionally seeking to offload all legal responsibility for dangerous situations created by those attempting to meet Amazon's unrealistic package-delivery mandates onto the companies, like Freight Leaders, with which it contracted, making those companies the primary target defendant in cases like this one.

10

55. Amazon was negligent, grossly negligent, careless, wanton, and reckless, because it continually pushed unrealistic quotas and demands upon its contractors and drivers to complete an unrealistic amount of package deliveries each day. Amazon had subjective knowledge of critical safety information relating to the demands it placed on its contractors and drivers that would have led any responsible or reasonable person or company to immediately lower the package volume per route. Despite extensive knowledge of the dangers of its quotas and performance expectations, Amazon chose profits over safety and continually pushed its contractors and drivers, including Defendants Freight Leaders and Valciu, to complete an unsafe amount of package deliveries per day.

56. Amazon was negligent, grossly negligent, careless, wanton, and reckless in its design and selection of the routes that each driver must take for the day. Amazon failed to consider well-known industry standards for route affinity and other well recognized logistics industry safety concepts, again choosing profits over basic safety for its own drivers and the motoring public.

57. Freight Leaders had a duty to exercise reasonable care in the employment, hiring, placement, qualification, screening, selection and/or vetting of competent, fit, qualified, experienced, and responsible commercial vehicle drivers.

58. Freight Leaders knew or should have known that Defendant Valciu was not a competent, qualified, experienced, skilled, and responsible driver.

59. Freight Leaders was negligent, careless, wanton and reckless with regard to the duties set forth in Paragraphs 57-58, above, causing foreseeable and serious physical injuries to Plaintiff, for which they are directly liable.

60. As a direct and proximate result of the negligence, negligence per se, carelessness, wantonness, and recklessness of Amazon and/or Freight Leaders, Plaintiff has suffered temporary and

permanent bodily injuries; has endured great pain and suffering of both mind and body, which he will continue to endure in the future; has incurred medical expenses in an as yet undetermined amount and which he will continue to incur in the future; has incurred lost wages in an as yet undetermined amount which he will continue to incur in the future; has suffered a loss or diminution of his future earning capacity; has suffered a lost or reduced ability to perform usual activities, resulting in a diminished quality of life and loss of enjoyment of life; and has suffered severe damage to his vehicle and loss of use of his vehicle.

## SEVENTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendants Amazon and Freight Leaders*

61. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

62. Defendants Amazon and Freight Leaders' actions demonstrate a conscious disregard for the rights and safety of Plaintiff and the rest of the motoring public that had a great probability of causing substantial harm.

63. Accordingly, Plaintiff is entitled to punitive damages from Defendants Amazon and Freight Leaders.

## EIGHTH CAUSE OF ACTION
*Claim for Loss of Consortium*

64. Plaintiff incorporates the preceding paragraphs as if fully realleged herein.

65. Plaintiffs Rakan Shteiwi and Lydia Nesheiwat are and were husband and wife at all relevant times, including at the time of the February 08, 2021, collision.

66. As a direct and proximate result of Plaintiff Rakan Shteiwi's injuries resulting from the crash, Plaintiff's wife Lydia Nesheiwat has suffered loss of the services, companionship, affection and consortium of her husband, Rakan Shteiwi, and continues to suffer those losses.

67. Defendants are liable to Plaintiffs for this loss of consortium in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs, Rakan Shteiwi and Lydia Nesheiwat respectfully requests judgment in his favor against all Defendants, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) (exclusive of costs and interest), in addition to punitive damages, attorney's fees, costs, prejudgment and post-judgment interest, and other relief to which they may be entitled.

Respectfully Submitted,

**RITTGERS & RITTGERS**

*/s/ W. Matthew Nakajima*

W. Matthew Nakajima (0084563)
Gus J. Lazares (0092206)
RITTGERS & RITTGERS
12 East Warren Street
Lebanon, Ohio 45036
T: (513) 228-4897
F: (513) 986-0073
E: matt@rittgers.com
   gus@rittgers.com
Attorneys for Plaintiff